UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANICE M. OLIVER, pleading on her own behalf and on behalf of all other similarly situated consumers, | ) Case No.: ) ) ) |
| Plaintiff, | ) CLASS ACTION COMPLAINT |
| vs. | ) ) |
| NIAGARA CREDIT SOLUTIONS, INC., | ) ) |
| Defendant. | ) ) ) ) |

Plaintiff, Janice M. Oliver, alleges:

**PRELIMINARY STATEMENT**

1. This is an action for damages arising from Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (FDCPA).

**JURSIDICTION AND VENUE**

2. This Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the FDCPA, a federal statute.

3. The Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant transacts significant amounts of business within this District and Defendant is domiciled here.

**PARTIES**

4. Plaintiff is a natural person, who at all relevant times has resided in Fort Worth, Texas.

5. Niagara Credit Solutions, Inc. ("Defendant") is a corporation doing business in the State of Texas with its corporate address as 1212 Abbott Rd. Suite D, Lackawanna, New York 14218. Defendant is a "debt collector" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA in that they regularly attempt to collect on debts primarily incurred for personal, family, or household purposes.

## FACTUAL STATEMENT

6. On or about April 11, 2018, Defendant mailed a dunning letter to Plaintiff seeking to collect a debt incurred for personal, family, or household use as defined by the FDCPA. Exhibit A.

7. The Letter is, on information and belief, a form letter.

8. The Letter sought to recover an unpaid credit card bill in the amount of $8,736.24.

9. The Letter offers two different settlement options. The first, a payment of $25 until the balance is paid in full. The second, a "settlement in full" for $4,368.12.

10. Evidently, the principal balance in the Letter is listed as $5,963.56 with an interest accrual of $2,772.68.

11. Plaintiff's last payment for the underlying debt was a number of years ago and the debt in question is beyond the statute of limitations.

12. Nonetheless, Defendant fails to advise Plaintiff of this fact, despite offering to "settle" the debt—language which implies that suit may still be brought.

13. Further, Defendant fails to advise Plaintiff that were she to accept the $25 a month plan, her first payment would restart the statute of limitations on the underlying debt.

14. Defendant's letter also implies that interest is accruing. Yet, Defendant fails to advise Plaintiff that by the time she is to make payment, the actual debt will have increased due to the accrual of interest.

15. Accordingly, Defendant's letter is false, deceptive, and misleading.

## CLASS ACTION ALLEGATIONS

### The Class

16. Plaintiff brings this as a class action pursuant to Fed. R. Civ. P. 23.

17. Plaintiff seeks certification of the following classes, initially defined as follows:

**Statute of Limitations Class:** All consumers with a Texas address that have received collection letters from Defendant concerning debts used primarily for personal, household, or family purposes within one year prior to the filing of this complaint that a) fails to provide a partial payment disclosure, or b) fails to disclose that the consumer cannot be sued on the debt.

**Interest Class:** All consumers with a Texas address that have received collection letters from Defendant concerning debts used primarily for personal, household, or family purposes within one year prior to the filing of this complaint that do not disclose that interest is accruing.

18. Excluded from the Class is Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the defendant, including, without limitation, persons who are officers, directors, employees, associates, or partners of Defendant.

### Numerosity

19. Upon information and belief, Defendant has sent numerous letters in an attempt to collect a debt to hundreds of consumers throughout the State of Texas, each of which violates the FDCPA. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

20. The letters sent by Defendant, and received by the Class, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

21. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's records.

### Common Questions of Law and Fact

22. There are questions of law and fact common to the class that predominates over any questions affecting only individual Class members. These common questions of law and fact include, without limitation: (i) whether Defendant violated various provisions of the FDCPA; (ii) whether Plaintiff and the Class have been injured by Defendant's conduct; (iii) whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and (iv) whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

### Typicality

23. The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

### Protecting the Interests of the Class Members

24. Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

25. Neither the Plaintiff nor his counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

### Proceeding Via Class Action is Superior and Advisable

26. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA, as codified by 15 U.S.C.§ 1692(k).

27. The members of the Class are generally unsophisticated individuals whose rights will not be vindicated in the absence of a class action.

28. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

29. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the said messages violate 15 U.S.C. § 1692e(11) is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

30. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

31. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

32. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit

the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

33. Absent a class action, the Class members will continue to suffer losses borne from Defendant's breaches of Class members' statutorily protected rights as well as monetary damages, thus allowing and enabling: (a) Defendant's conduct to proceed and; (b) Defendant to further enjoy the benefit of its ill-gotten gains.

34. Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692 *et seq*

35. Plaintiff repeats, re-alleges, and reincorporates the allegations contained in the paragraphs above and incorporates them as if set forth specifically herein.

36. Defendant's false and deceptive conduct concerning a debt that is past the statute of limitations violates Section 1692e, e(2) and e(10).

37. Defendant's false and deceptive conduct concerning a debt that is accruing interest violates Section 1692e, e(2) and e(10).

38. Upon information and belief, Defendant is seeking to collect a significantly greater amount of interest than allowed by contract, and/or law. Alternatively, Defendant is seeking to collect interest on a debt after the debt has been charged off by the creditor. Defendant's unfair practice of seeking to collect interest illegally violates Section 1692f(1).

WHEREFORE, Plaintiff, Janice M. Oliver, respectfully requests that this Court do the following for the benefit of Plaintiff:

a. Enter an Order declaring Defendant's actions, as described above, in violation of the FDCPA;

b. Enter an Order for Injunctive Relief preventing Defendant from using said collection letters to collect debts from consumer debtors;

c. Appoint Plaintiff as the Class Representative, and appoint Plaintiff's Counsel as Lead Counsel for the Class;

d. Enter a judgment against Defendants for statutory damages, pursuant to 15 U.S.C. § 1692k;

e. Award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k; and

f. Grant such other and further relief as may be just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Dated this 30th day of July, 2018.

Respectfully Submitted,

/s/ *Daniel Zemel*
Daniel Zemel, Esq.
Zemel Law, LLC
1373 Broad Street, Suite 203C
Clifton, New Jersey 07013
Phone: 862-227-3106
Email: dz@zemellawllc.com

# EXHIBIT A

655 Pullman Avenue
Rochester, NY 14615

RETURN SERVICE REQUESTED

TOLL FREE: 1-800-381-0416

5613

OLIVER, JANICE M

| VISA | MASTERCARD | | |
|---|---|---|---|
| Expiration | Credit Card Number | | CV Code |
| Amount Authorized | | Signature | |
| Date | | Total Amount Due | |
| 04-11-18 | | $8736.24 | |
| Account Number | | Amount Enclosed | |
| 6688 | | | |

**PLEASE SUBMIT PAYMENT TO:**
Niagara Credit Solutions, Inc.
1212 Abbott Rd, Suite D
Lackawanna, NY 14218

| Niagara Account # | Original Creditor | Current Balance |
|---|---|---|
| 6688 | WASHINGTON MUTUAL BANK, N | $8736.24 |
| Date | Current Creditor | Account Number |
| 04-11-18 | LVNV FUNDING, LLC | XXXXX8009 |
| Principal Balance | Interest Balance | Misc Balance |
| $5963.56 | $2772.68 | $0.00 |

Welcome to Niagara Credit Solutions, Inc. We are here to help. Your account was placed with our collection agency on 04-09-18. In an effort to assist you, we would like to extend the following offers.

- Offer #1. Our client has authorized us to offer you a convenient minimum monthly payment plan of $25.00 a month towards the balance. The first payment is due in our office on or before 05-26-18. If this amount does not meet your budget we may be able to lower the monthly payment amount or change the re-payment terms.

- Offer #2. Our client has authorized us to offer you a settlement in full on the above mentioned account by agreeing accept less than the full balance due to pay-off the account. Upon clearance of sufficient funds, this settlement will satisfy the debt in full saving you money. To accept this settlement offer, we must receive a one-time settlement payment of $4368.12 in our office no later than 05-26-18. Failure to meet the settlement terms as listed above may result in the settlement offer being revoked. We are not obligated to renew this offer.

If you have any questions or would like to take advantage of either of these offers, please feel free to contact our office at 1-800-381-0416 and a friendly customer service representative will help to explain your available options. For your convenience we accept check-by-phone, ACH, major credit cards, money-gram and bank-to-bank wire. Operators are standing by to help.

Credit card holders may pay by filling in the boxes above or you may remit a check or money order. Please return the tear off portion with your payment.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Federal law requires we notify you that this communication is from a professional debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

Your acceptance or rejection of this offer does not change your rights described in this letter.

Sincerely

Niagara Credit Solutions, Inc.
TOLL FREE: 1-800-381-0416